IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:23CR28** |
| v. | |
| TAFT BURTTON, | **ORDER ON** <br> **INITIAL REVIEW** |
| Defendant. | |

This matter is before the Court on defendant Taft Burton's ("Burton") *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 153). Sentenced to 120 months imprisonment on January 3, 2025 (Filing No. 118) after pleading guilty to conspiring to "distribute 10 grams or more of a mixture or substance containing" a fentanyl analogue, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) and 846, Burton asks the Court to vacate his sentence.

As grounds for relief, he alleges (1) ineffective assistance of counsel, (2) violation of his due-process rights based on the government's reliance on false or misleading evidence, (3) prosecutorial misconduct and a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and (4) the denial of his right to withdraw his guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B). With respect to his first and last claims, Burton states his appointed counsel refused his explicit instructions to file a motion to that effect when Burton learned before sentencing that he pleaded guilty to a charge involving a fentanyl analogue rather than fentanyl. According to Burton, the difference deprived him of his rights and increased his sentence.

Burton's motion to vacate is subject to review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, under which the Court must promptly conduct a preliminary review. "If it plainly appears from the

motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the [Court] must dismiss the motion and direct the clerk to notify the moving party." *Id.* Otherwise, the Court "must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the [Court] may order." *Id.*

Having carefully reviewed Taft's motion and his asserted grounds for relief, the Court concludes summary dismissal is not warranted in this case. Accordingly, the United States Attorney must file an answer or otherwise respond to Burton's motion (Filing No. 153) on or before January 12, 2026.

IT IS SO ORDERED.

Dated this 12th day of December 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

2